UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KARYN BARNES,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,
ONE SPA WORLD LLC, a Florida Company,
STEINER MANAGEMENT SERVICES LLC, a Florida Company,
and MANDARA SPA (CRUISE II), LLC, a Delaware Company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KARYN BARNES (hereinafter "Plaintiff"), sues Defendants, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "CCL"); ONE SPA WORLD LLC; STEINER MANAGEMENT SERVICES LLC; and MANDARA SPA (CRUISE II), LLC; (hereinafter "ONE SPA Defendants") (all collectively hereinafter "Defendants"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, KARYN BARNES, is a citizen and resident of Gardnerville, Nevada.

2. Defendant CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida at 3655 Northwest 87th Avenue, Miami, Florida 33178.

3. Defendant ONE SPA WORLD LLC, is a Florida company with its principal place of business at 770 South Dixie Highway, Suite 200, Coral Gables, Florida 33126.

4. Defendant STEINER MANAGEMENT SERVICES LLC, is a Florida company with its principal place of business at 770 South Dixie Highway, Suite 200, Coral Gables, Florida

33126.

5. Defendant MANDARA SPA (CRUISE II), LLC, is a Delaware company with its principal place of business at 770 South Dixie Highway, Suite 200, Coral Gables, Florida 33126.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

7. At all times material hereto, Defendant CCL, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
f. Operated vessels in the waters of this state;
g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL PANORAMA.

8. At all times material hereto, ONE SPA Defendants, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
f. Operated spa/massage facilities aboard vessels in the waters of this state;
g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, spa/massage services aboard CARNIVAL PANORAMA.

9. Defendants are subject to the jurisdiction of the courts of this state.

10. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

11. At all times material hereto, Defendant CCL owned, operated, managed, maintained, and/or controlled CARNIVAL PANORAMA.

2
EDUARDO J. HERNANDEZ, LLC

12. At all times material hereto, Defendant CCL had exclusive custody and control of CARNIVAL PANORAMA.

13. At all times material hereto, Defendant CCL and ONE SPA Defendants had joint custody and control of the spa, spa/massage facilities, and spa/massage employees aboard CARNIVAL PANORAMA.

14. On or about November 7, 2021, Plaintiff was a passenger aboard CARNIVAL PANORAMA which was in navigable waters and purchased a massage from Defendant CCL to be provided in the onboard spa/massage facility by an agent/employee of Defendants.

15. On or about November 7, 2021, Plaintiff sustained injuries during a massage. The massage was negligently conducted by an agent/employee of Defendants.

16. As a consequence, Plaintiff sustained severe bruising over the entirety of her back.

17. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.[1]

## COUNT I – NEGLIGENCE AGAINST CCL

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

18. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). Further, Defendant is vicariously liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

19. On or about November 7, 2021, Defendant, and/or its agents, employees, and/or

---

[1] Both Defendants have agreed to an extension through December 7, 2022 for filing suit.

servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

20. On or about November 7, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to provide Plaintiff with a reasonably safe spa treatment/massage, particularly the Bamboo Massage; and/or
c. Allowing ONE SPA Defendants to provide dangerous spa/massage services to its passengers, including Plaintiff, which in the exercise of reasonable care Defendant should have been aware of; and/or
d. Failure to inspect, maintain, and/or monitor the operation of the spa, the services offered in the spa, and the agents/employees offering the spa/massage services so as to ensure passengers, including Plaintiff, received safe and non-negligent spa treatments, particularly the Bamboo Massage; and/or
e. Failure to adopt or promulgate policies and procedures for the safe operation of the spas and its services; and/or
f. Failure to monitor and/or oversee the training of ONE SPA Defendants' agents/employees providing spa/massage services to its passengers, including Plaintiff; and/or
g. Allowing ONE SPA Defendants to maintain, among its agents/employees (who are crewmembers of Defendant's vessel), incompetent staff who provide spa/massage services, including the subject Bamboo Massage contrary to the applicable standard of care in the industry, resulting in harm to passengers, including Plaintiff; and/or
h. Failure to properly oversee and supervise its agents/employees providing spa/massage services to its passengers, including Plaintiff; and/or
i. Failure to warn Plaintiff of the dangers of the spa/massage services which Defendant, and/or its agents, employees, and/or servants caused; and/or
j. Failure to warn Plaintiff of the dangers of the spa/massage services of which Defendant had actual knowledge of and was on notice of; and/or
k. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff; and/or
l. Allowing ONE SPA Defendants to provide spa/massage services to its passengers, including Plaintiff, while attempting to waive its own liability contrary to general maritime law and 46 USC §30509.

21. Defendant created the foregoing conditions causing Plaintiff's accident.

22. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR.

23. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR.

24. In addition, at all times material, Defendant owed Plaintiff a duty of reasonable care in the selection and retention of ONE SPA Defendants as a provider of spa services to its passengers.

25. On or about November 7, 2021, Defendant breached its duty of reasonable care in the selection and retention of ONE SPA Defendants as a provider of spa services to its passengers.

26. On or about November 7, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant in the selection and retention of ONE SPA Defendant as follows:

   a. Defendant failed to exercise reasonable care in the selection and retention of ONE SPA Defendants; and/or
   b. Defendant failed to exercise reasonable care in the vetting and investigation of ONE SPA Defendants competence and fitness to provide the subject Bamboo Massage to its passengers, including Plaintiff; and/or
   c. ONE SPA Defendants were incompetent or unfit to provide the Bamboo Massage to Defendant's passengers, including Plaintiff; and/or
   d. Defendant knew or in the exercise of reasonable care should have known of the incompetence or unfitness of ONE SPA Defendants in the provision of the subject Bamboo Massage to its passengers, including Plaintiff.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, pain and suffering, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap, and has lost wages in the past and will lose wages/earning capacity in the future, as well as value of cruise as this occurred on second day. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

EDUARDO J. HERNANDEZ, LLC

## COUNT II – FAILURE TO WARN AGAINST CCL

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

28. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Further, Defendant is vicariously liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

29. On or about November 7, 2021, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition known to Defendant.

30. On or about November 7, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to warn Plaintiff of a dangerous condition, to wit: the dangers and potential for injury of the subject Bamboo Massage.

31. Defendant created the foregoing dangers causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

32. Alternatively, Defendant knew of the foregoing dangers causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the dangers existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR.

33.     The dangers created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.*, Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR.

34.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, pain and suffering, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap, and has lost wages in the past and will lose wages/earning capacity in the future, as well as value of cruise as this occurred on second day. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT III – INTENTIONAL FAILURE TO WARN AGAINST CCL

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

35.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Further, Defendant is vicariously liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas) Ltd*., Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

36.     On or about November 7, 2021, Defendant, and/or its agents, employees, and/or

servants breached its/their duty to Plaintiff by intentionally failing to warn Plaintiff of a hidden and dangerous condition known to Defendant.

37. On or about November 7, 2021, Plaintiff was injured due to intentional acts of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to warn Plaintiff of a dangerous condition, to wit: the dangers and potential for injury of the subject Bamboo Massage despite actual and constructive knowledge of the dangers and risk of injury from massages identical to that provided to Plaintiff. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR.

38. Defendant's failure to warn was intentional, wanton, and willful. Moreover, Defendant's failure to warn was calculated and motivated solely by the risk that warning passengers, including Plaintiff, of the known risks of such massages would result in a loss of revenue from the sale of such spa/massage services. Defendant had actual knowledge of the wrongfulness of this conduct and the high probability that injury or damage to Plaintiff would result and despite this knowledge, intentionally pursued this course of conduct. *Hall v. Carnival Corp.,* Case No. 21-Civ-20557-Bloom (S.D.Fla. 2021); *Lobegeiger v. Celebrity Cruises, Inc.*, Case No. 11-Civ-21620-Altonaga (S.D.Fla. 2011).

39. Under the circumstances of Defendant being well aware, and on notice, of the true and actual dangers of massages such as that sold to and provided to Plaintiff as a result of prior claims and lawsuits from the very same massages, Defendant's actions in not warning Plaintiff, verbally or in writing, of these known dangers were grossly negligent and reckless.

40. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, pain and suffering, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap, and has lost wages in the past and will lose wages/earning capacity in the future, as well as value of cruise as this occurred on second day. The injuries are permanent or continuing

in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages, including punitive damages, recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

### COUNT IV – VICARIOUS LIABILITY AGAINST CCL
### (BASED UPON APPARENT AGENCY)

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

41. At all times material hereto, Defendant owned, operated, controlled, and/or maintained the spa facility aboard CARNIVAL PANORAMA, and was responsible for selecting, purchasing, and maintaining the spa equipment contained therein and for selecting and hiring ONE SPA Defendants to provide personnel to work in the spa facility. Defendant held out to passengers, including Plaintiff, the spa facility as its own.

42. That at all times material, Defendant held out the spa staff, including the masseuses, as being its employees who work in its spa on the vessel. That Defendant promotes its spa/massage facilities and represents them as being staffed by its employees through its web site, internet advertising, and on the vessel. Although the spa employees are recruited by ONE SPA Defendants, they are actually treated by Defendant as members of the ship's crew and held out to passengers, including Plaintiff, as members of Defendant's crew.

43. That Defendant promotes the idea that the spa staff who work in its spa are employed by Defendant as part of a marketing tool to induce passengers, such as Plaintiff, to buy cruises on its ships, particularly because many passengers, as part of their vacations, make use of spa facilities.

44. That Defendant manifested to Plaintiff that its spa staff were acting as its employees and/or apparent agents in various ways, including but not limited to the following:

   a. The spa staff worked at what Defendant describes in its advertising as its spa;

  b. The spa/massage facilities are constructed and owned by Defendant, which supplies the spa equipment;
  c. Passengers are billed directly by Defendant through the passengers' on-board account;
  d. Defendant sets the hours of operation of its spa and sets the work hours of its spa staff;
  e. That the spa staff are considered members of the crew of Defendant's ship;
  f. That Defendant put the spa staff under the control of the ship's superior officers, including the Master of the ship; and
  g. Defendant's spa staff, including the masseuse who negligently provided services to Plaintiff, spoke to Plaintiff as though they/she had the authority to do so on behalf of Defendant.

45.  At no time did Defendant represent in any meaningful way to Plaintiff, or the ship's passengers in general, that the spa staff, and specifically the masseuse who negligently provided services to Plaintiff, were not agents or employees of Defendant, and were instead allegedly independent contractors.

46.  Defendant is estopped to deny that the masseuse who negligently provided services to Plaintiff was its apparent agent and/or apparent employee and/or apparent servant.

47.  That at all times material hereto, Plaintiff reasonably relied upon the above described representations of the Defendant which gave rise to his reasonable belief that the masseuse who negligently provided services to Plaintiff was its agent and/or employee, which induced his reliance upon such appearance of agency and accordingly, Defendant is vicariously liable for the negligence of its apparent agents in providing services to Plaintiff and set forth in detail above and incorporated herein by reference under the principles of apparent agency set forth in *Franza v. Royal Caribbean Cruise Ltd.*, 772 F.3d 1225 (11th Cir. 2014).   Further, Defendant is vicariously liable for the negligent acts of its employees.  *Yusko v. NCL (Bahamas) Ltd*., Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

48.  That Plaintiff at all times detrimentally relied upon the above described representations of Defendant by purchasing the subject cruise, then purchasing the subject massage, and then subsequently attending Defendant's spa facility and accepting the services provided by the staff, including the subject masseuse, in the spa facility, reasonably believing that

because it was owned and operated by Defendant, the spa staff were its employees and had been properly vetted, selected, and trained and were well qualified.

49. That Defendant is vicariously liable under the principles of apparent agency for the acts and omissions of its apparent agents, servants, and employees, and breached its duty to exercise reasonable care under the circumstances owed to Plaintiff and was negligent and careless by committing the following acts and/or omissions including but not limited to in one or more of the following ways:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to provide Plaintiff with a reasonably safe spa treatment/massage, particularly the Bamboo Massage; and/or
c. Failure to inspect, maintain, and/or monitor the operation of the spa, the services offered in the spa, and the agents/employees offering the spa/massage services so as to ensure passengers, including Plaintiff, received safe and non-negligent spa/massage treatments, particularly the Bamboo Massage; and/or
d. Failure to monitor the techniques and pressure used during the subject Bamboo Massage; and/or
e. Failure to adopt or promulgate policies and procedures for the safe operation of its spas and its services; and/or
f. Negligently hiring and retaining incompetent staff who provide spa/massage services, including the subject Bamboo Massage contrary to the applicable standard of care in the industry, resulting in harm to Defendant's passengers, including Plaintiff; and/or
g. Failure to properly train its agents/employees providing spa/massage services to Defendant's passengers, including Plaintiff; and/or
h. Failure to properly oversee and supervise its agents/employees providing spa/massage services to Defendant's passengers, including Plaintiff; and/or
i. Failure to warn Plaintiff of the dangers of the spa/massage services which Defendant, and/or its agents, employees, and/or servants caused; and/or
j. Failure to warn Plaintiff of the dangers of the spa/massage services of which Defendant had actual knowledge of and was on notice of; and/or
k. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff; and/or
l. Providing spa/massage services to Defendant's passengers, including Plaintiff, while attempting to waive its own liability contrary to general maritime law and 46 USC §30509.

50. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, pain and suffering, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; suffered

physical handicap, and has lost wages in the past and will lose wages/earning capacity in the future, as well as value of cruise as this occurred on second day. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT V – NEGLIGENCE AGAINST ONE SPA DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

51. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). Further, Defendant is vicariously liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

52. On or about November 7, 2021, Defendant, and/or its agents, employees, and/or servants breached its duty to provide Plaintiff with reasonable care under the circumstances.

53. On or about November 7, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to provide Plaintiff with a reasonably safe spa treatment/massage, particularly the Bamboo Massage; and/or
   c. Failure to inspect, maintain, and/or monitor the operation of the spa, the services offered in the spa, and the agents/employees offering the spa/massage services so as to ensure passengers, including Plaintiff, received safe and non-negligent spa treatments, particularly the Bamboo Massage; and/or
   d. Failure to monitor the techniques and pressure used during the subject Bamboo Massage; and/or
   e. Failure to adopt or promulgate policies and procedures for the safe operation of its spas and its services; and/or
   f. Negligently hiring and retaining incompetent staff who provide spa/massage services,

      including the subject bamboo Massage contrary to the applicable standard of care in the industry, resulting in harm to Defendant CCL's passengers, including Plaintiff; and/or

  g. Failure to properly train its agents/employees providing spa/massage services to Defendant CCL's passengers, including Plaintiff; and/or

  h. Failure to properly oversee and supervise its agents/employees providing spa/massage services to Defendant CCL's passengers, including Plaintiff; and/or

  i. Failure to warn Plaintiff of the dangers of the spa/massage services which Defendant, and/or its agents, employees, and/or servants caused; and/or

  j. Failure to warn Plaintiff of the dangers of the spa/massage services of which Defendant had actual knowledge of and was on notice of; and/or

  k. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff; and/or

  l. Providing spa/massage services to Defendant CCL's passengers, including Plaintiff, while attempting to waive its own liability contrary to general maritime law and 46 USC §30509.

54. Defendant created/caused the foregoing conditions causing Plaintiff's accident.

55. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR; *Dawn Dawsey v. Steiner Transocean U.S., Inc., et al.,* Case No. 16-CIV-23939-FAM; *Narges Najmyar v. Steiner Transocean Limited, et al.,* Case No. 17-CIV-22448-UU.

56. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR; *Dawn Dawsey v. Steiner Transocean U.S., Inc., et al.,* Case No. 16-CIV-23939-FAM; *Narges Najmyar v. Steiner Transocean Limited, et al.,* Case No. 17-CIV-22448-UU.

57. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, pain and

suffering, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap, and has lost wages in the past and will lose wages/earning capacity in the future, as well as value of cruise as this occurred on second day. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

### COUNT VI – FAILURE TO WARN AGAINST ONE SPA DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

58. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendants. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Further, Defendant is vicariously liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

59. On or about November 7, 2021, Defendant, and/or its agents, employees, and/or servants breached its duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition known to Defendant.

60. On or about November 7, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

    a. Failure to exercise reasonable care for Plaintiff's safety; and/or
    b. Failure to warn Plaintiff of a dangerous condition, to wit: the dangers and potential for injury of the subject Bamboo Massage.

61. Defendant created/caused the foregoing dangers causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

62. Alternatively, Defendant knew of the foregoing dangers causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the dangers existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR; *Dawn Dawsey v. Steiner Transocean U.S., Inc., et al.,* Case No. 16-CIV-23939-FAM; *Narges Najmyar v. Steiner Transocean Limited, et al.,* Case No. 17-CIV-22448-UU.

63. The dangers created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR; *Dawn Dawsey v. Steiner Transocean U.S., Inc., et al.,* Case No. 16-CIV-23939-FAM; *Narges Najmyar v. Steiner Transocean Limited, et al.,* Case No. 17-CIV-22448-UU.

64. As a direct and proximate result of the negligence of Defendant Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, pain and suffering, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap, and has lost wages in the past and will lose wages/earning capacity in the future, as well as value of cruise as this occurred on second day. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant interest as permitted by law, and demands a trial by Jury.

## COUNT VII – INTENTIONAL FAILURE TO WARN AGAINST ONE SPA DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

65. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Further, Defendant is vicariously liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. July 12, 2021); *Elardi v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-25035-Graham (S.D.Fla. Dec. 2, 2021).

66. On or about November 7, 2021, Defendant, and/or its agents, employees, and/or servants breached its/their duty to Plaintiff by intentionally failing to warn Plaintiff of a hidden and dangerous condition known to Defendant.

67. On or about November 7, 2021, Plaintiff was injured due to intentional acts of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to warn Plaintiff of a dangerous condition, to wit: the dangers and potential for injury of the subject Bamboo Massage despite actual and constructive knowledge of the dangers and risk of injury from massages identical to that provided to Plaintiff. *Robert Nelson v. Steiner Transocean U.S., Inc. and Carnival Corp.,* Case No. 14-CIV-21870-FAM; *Melissa Chastain v. Mandara Spa (Hawaii), LLC and Carnival Corp.,* Case No. 16-CIV-22019-AOR; *Dawn Dawsey v. Steiner Transocean U.S., Inc., et al.,* Case No. 16-CIV-23939-FAM; *Narges Najmyar v. Steiner Transocean Limited, et al.,* Case No. 17-CIV-22448-UU.

68. Defendant's failure to warn was intentional, wanton, and willful. Moreover, Defendant's failure to warn was calculated and motivated solely by the risk that warning passengers, including Plaintiff, of the known risks of such massages would result in a loss of revenue from the sale of such spa/massage services. Defendant had actual knowledge of the wrongfulness of this conduct and the high probability that injury or damage to Plaintiff would

result and despite this knowledge, intentionally pursued this course of conduct. *Hall v. Carnival Corp.*, Case No. 21-Civ-20557-Bloom (S.D.Fla. 2021); *Lobegeiger v. Celebrity Cruises, Inc.*, Case No. 11-Civ-21620-Altonaga (S.D.Fla. 2011).

69. Under the circumstances of Defendant being well aware, and on notice, of the true and actual dangers of massages such as that sold to and provided to Plaintiff as a result of prior claims and lawsuits from the very same massages, Defendant's actions in not warning Plaintiff, verbally or in writing, of these known dangers were grossly negligent and reckless.

70. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, pain and suffering, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap, and has lost wages in the past and will lose wages/earning capacity in the future, as well as value of cruise as this occurred on second day. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages, including punitive damages, recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: December 1, 2022

                                        Respectfully submitted,

                                        **EDUARDO J. HERNANDEZ, LLC**
                                        *Attorneys for Plaintiff*
                                        10691 N. Kendall Drive - Suite 109
                                        Miami, Florida 33144
                                        Telephone: (305) 567-0910
                                        Facsimile: (786) 454-8905

                              By:   */s/ Eduardo J. Hernandez*
                                       EDUARDO J. HERNANDEZ
                                       Florida Bar No. 061451
                                       ehernandez@ejh-law.com